UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MADELINE GARCIA, *et al.*, | ) | CASE NO.: 1:24-cv-00509 |
| | ) | |
| Plaintiffs, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| GRBAC ENTERPRISES LLC, *et al.*, | ) | **<u>OPINION AND ORDER</u>** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the parties' joint motion for approval of settlement. (Doc. 29.) Because the Court finds the settlement is a fair resolution of Plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the motion is GRANTED, the settlement is APPROVED, and this matter is DISMISSED with prejudice.

## I. BACKGROUND

On March 19, 2024, Madeline Garcia and Danielle Raftery filed a collective action complaint against Grbac Enterprises LLC and Elvis Grbac (collectively, "Defendants"). (Doc. 1.)[1] A month and a half later, Garcia and Raftery filed an amended collective action complaint joining Alicia Hudy (together with Garcia and Raftery, "Representative Plaintiffs") as a named plaintiff. (Doc. 7.)

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

Representative Plaintiffs allege that they and similarly situated employees performed house cleaning services on behalf of Defendants for which they were not paid overtime wages. (*Id.* at ¶¶ 1, 4, 14-15.) Representative Plaintiffs contend that Defendants' employees frequently worked more than 50 hours per week, in part because employees would need to arrive at Defendants' headquarters in advance of the formal workday beginning at 7:50 am, and employees would often not finish work until 5:30 or 6:00 pm. (*Id.* at ¶¶ 16-21.) According to Representative Plaintiffs, Defendants also improperly deducted breaks from their wages and failed to pay for travel time between the houses being cleaned as well as to and from Defendants' headquarters. (*Id.* at ¶¶ 23-28.)

On August 30, 2024, the Court certified this case as a collective action and approved notice to potential collective members. (Aug. 30 2024 Non-Doc. Order.) After notices were sent, several individuals consented to join this action: Hailee Hawn, Susan Heacock, Laura Nicholson, Audrey Phillips, Sophia Ward, Shane White, Elisabet Hartman, Madison Ochalek, Emilee Anders, Bridget Simmons, Elizabeth Barber, Chelsey Mounts, Angel Turner, Joannellys Alondra Rodriguez Marrero, Tiauna Smith, and Mackenzie Earl (together with Representative Plaintiffs, "Plaintiffs"). (Docs. 14-19.) Following some discovery, the parties reached a settlement agreement with the help of a mediator. (July 14, 2025 Non-Doc. Order; Doc. 29 at 158-59.)

Originally, the parties attempted to dismiss this case via a notice of dismissal under Federal Rule of Civil Procedure 41. (Doc. 26.) But because courts must approve collective action settlements under the FLSA, *see infra*, the Court rejected the notice and ordered the parties to file a joint motion for approval of settlement. (Doc. 27.) The parties did so on September 8, 2026. (Doc. 28.) However, the Court requested additional information (Sept. 10,

2026 Non-Doc. Order), so the parties re-filed their joint motion with further support on September 17, 2026 (Doc. 29).

Since the parties re-filed their motion, the Court DENIES the original motion (Doc. 28) as MOOT. The Court proceeds to consider the parties' updated motion. (Doc. 29.)

## II. LEGAL STANDARD

"The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, No. 06-cv-0299, 2008 WL 4724499, at *2, 2008 U.S. Dist. LEXIS 90070, at *11 (E.D. Ky. Oct. 23, 2009) (quoting 29 U.S.C. § 202). Generally, the FLSA's provisions are not subject to bargaining, modification by contract, or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07, 65 S. Ct. 895, 89 L. Ed. 1296 (1945) (holding policy considerations forbid waiver of rights created by the FLSA); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982) (FLSA provisions "are not subject to negotiation or bargaining between employers and employees"). There is an exception to this general rule when an employee brings a private action in a federal district court under 29 U.S.C. § 216(b) and presents the court with a proposed settlement. *Lynn's Food Stores*, 679 F.2d at 1353; *see also Pitty v. Conrad's Laserwash Co.*, No. 5:23-cv-2034, 2023 WL 7166917, at *1, 2023 U.S. Dist. LEXIS 194639, at *2-3 (N.D. Ohio Oct. 31, 2023).

Upon review of a settlement of FLSA claims, "[t]he Court must ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime." *Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09-cv-01608, 2010 WL 2490989, at *5, 2010 U.S. Dist.

LEXIS 58912, at *13 (N.D. Ohio June 15, 2010) (second alteration in original) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000)). The Court must "scrutinize the proposed settlement for fairness and determine whether the settlement is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Pitty*, 2023 WL 7166917, at *1, 2023 U.S. Dist. LEXIS 194639, at *3 (quoting *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11-cv-0400, 2012 WL 6707008, at *1, 2012 U.S. Dist, LEXIS 181808, at *4 (E.D. Tenn. Dec. 26, 2012)).

Courts consider several factors including: the risk of fraud or collusion; the complexity, expense, and likely duration of the litigation; the amount of discovery completed; the likelihood of success on the merits; and the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3, 2008 U.S. Dist. LEXIS 90070, at *13-14 (citing *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). When a settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) ("The primary concern in an attorney fee case is that the fee awarded be reasonable.").

## III. ANALYSIS

Under the parties' settlement agreement, Defendants shall pay a total of $55,000. (Doc. 29-1 at 163.) Of that total lump sum payment, $26,000 will be divided between Plaintiffs, and $29,000 will go to Plaintiffs' attorneys as fees and costs. (*Id.* at 164; Doc. 29-2 at 220.) The payment to Plaintiffs will be divided amongst them at a rate of $10 per day that a given individual Plaintiff worked for Defendants, with an additional $1000 to each Representative Plaintiff as a service award. (Doc. 29-1 at 164 n.1; Doc. 29-2 at 220.)

The Court first analyzes the fairness of the settlement payment to Plaintiffs before turning to the reasonableness of attorneys' fees and costs.

### A. Fairness of Settlement

The Court finds the proposed settlement to be fair.

To begin, this action presents a bona fide dispute driven by the parties' divergent views of the facts and applicable law. As the parties report, Defendants maintained that their potential liability was less than $2,000 while Plaintiffs initially believed that their claims (including fees and costs) were worth at least $95,000. (Doc. 29 at 159; Doc. 29-2 at 220.) Moreover, this matter was settled with the aid of a neutral third-party mediator. (Doc. 29 at 160.) The presence of a neutral mediator "is a strong indicator of procedural fairness, one that runs counter to any allegation of collusion." *Wayside Church v. Van Buren County*, Nos. 24-1598/24-1676, 2025 WL 2829601, at *9, 2025 U.S. App. LEXIS 26081, at *54 (6th Cir. Oct. 6, 2025). "Absent evidence of fraud or collusion, [] settlements are not to be trifled with." *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992).

Next, the Court observes that continuing to litigate exposes the parties to greater expenses. (*See* Doc. 29-2 at 222.) "FLSA claims typically involve complex mixed questions of fact and law." *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 743, 101 S. Ct. 1437, 67 L. Ed. 2d 641 (1981). Prior to settlement, the parties had already been litigating this matter for over a year, including discovery. (Doc. 29-2 at 222.) If the parties were to litigate this case further, they would incur additional costs in preparing for potential dispositive motions, trial, and appeal. The proposed settlement avoids such further expenses.

Lastly, public policy supports approving the settlement. There is no guarantee that Plaintiffs would be able to recover, especially since discovery showed that there were few

timekeeping records from which to assess Plaintiffs' claims, and in many weeks, Plaintiffs were unquestionably not owed overtime because they worked fewer than 40 hours. (Doc. 29-2 at 219-20.) At the same time, there is also no guarantee that Defendants would be able to avoid liability. Rather than requiring the parties to bear the uncertainty and risks surrounding trial and a possible appeal, "the certainty and finality that comes with settlement also weighs in favor of approving the agreement." *Williams v. CG-HHC, Inc.*, No. 5:22-cv-1003, 2024 WL 1514587, at *2, 2024 U.S. Dist. LEXIS 63514, at *5 (N.D. Ohio Apr. 8, 2024). Each Plaintiff receives a guaranteed payment tied to the number of days they worked for Defendants, with Representative Plaintiffs receiving an additional service award. (Doc. 29-1 at 164 n.1; Doc. 29-2 at 220.) Meanwhile, Defendants are able to cap any potential liability they face.

"Settlement is the preferred means of resolving litigation." *Crawford*, 2008 WL 4724499, at * 9, 2008 U.S. Dist. LEXIS 90070, at *30. Given that imperative, and the Court's conclusion that the settlement is fair in light of the risks and expenses that come with further litigation, the Court approves the settlement.

**B. Reasonableness of Attorneys' Fees and Costs**

The Court concludes that the award of $29,000 in fees and costs is reasonable. There are two methods that courts may use to assess the reasonableness of fees: lodestar and percentage-of-the-fund. *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011). The lodestar method calculates fees by determining "the number of hours reasonably expended on the litigation" and multiplying that number "by a reasonable hourly rate." *B & G Mining, Inc. v. Dir., Off. of Workers' Comp. Programs*, 522 F.3d 657, 661 (6th Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). The percentage-of-the-fund method, as the name suggests, awards a percentage of the total settlement payment as fees.

*Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269, 279 (6th Cir. 2016). Courts have discretion to choose the method of calculation. *Id.* at 280.

The Court adopts the lodestar method because the parties separately negotiated discrete amounts for payment to Plaintiffs and as fees to the attorneys; they did not establish a common fund and allocate fees as a percentage of that fund. (*See* Doc. 29-2 at 220.) *See Loweth v. Revolution Trucking, LLC*, No. 1:23-cv-2438, 2025 WL 1907006, at *3, 2025 U.S. Dist. LEXIS 130843, at *6 (N.D. Ohio July 10, 2025); *Gresky v. Checker Notions Co.*, No. 3:21-cv-1203, 2022 WL 3700739, at *8, 2022 U.S. Dist. LEXIS 154506, at *20-22 (N.D. Ohio Aug. 26, 2022).

Plaintiffs' attorney, Stephan Voudris, recorded 105.6 hours on this matter. (Doc. 29-2 at 222.) Given the complexity of this case, the Court finds that number of hours to be reasonable. During that time, his hourly rate was $595 per hour. (*Id.* at 221.) Given Mr. Voudris's 35 years of experience (*id.*), the Court finds that rate to be reasonable as well. *See Neuhoff v. Hosp. Goals LLC*, No. 1:24-cv-0324, 2025 WL 2678088, at *1, 2025 U.S. Dist. LEXIS 181814, at *2-3 (N.D. Ohio June 4, 2025) (finding this rate to be reasonable for Mr. Voudris). That lodestar calculation comes to $62,832, not including 19.5 hours spent by Mr. Voudris' associate nor any costs. The negotiated fee amount is just 46% of that calculation, a significant discount. The Court therefore finds $29,000 to be a reasonable award for fees and costs.

## IV. CONCLUSION

The Court GRANTS the parties' joint motion for approval of settlement and DISMISSES this case with prejudice.

**IT IS SO ORDERED.**

Date: October 2, 2026

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE